■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN FOLKS, Appellant. [668 NYS2d 179] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered July 9, 1993, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to an indeterminate term of 7 to 21 years imprisonment, unanimously affirmed. Order, Supreme Court, New York County (Franklin Weissberg, J.), entered December 23, 1996, which denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction based on his claim of ineffective assistance of counsel, unanimously affirmed.

Defendant has failed to preserve for our review his claim

that the sentencing court erred in first granting, then denying, his oral motion to withdraw his previously entered guilty plea. The record clearly shows that after the court granted defendant's request, there was an off-the-record discussion after which defense counsel noted that defendant's plea had been entered after two previous mistrials and in the middle of jury selection. The court then stated that it was unaware of such background to defendant's plea and that defendant was playing games with the court. It then denied defendant's motion to withdraw his guilty plea, directed defendant's arraignment for sentence and imposed the previously agreed upon sentence. Defendant never objected to the court action either at sentencing or in his subsequent CPL 440.10 motion.

As to that motion, we reject defendant's claim that his trial counsel's failure to pursue a claim based on *Payton v New York* (445 US 573) constituted ineffective assistance. The motion court properly found that defendant's claims concerning his residence made for the first time more than three years after his conviction are largely conclusory and in some cases contradicted by other evidence. His belated claim, made four and a half years after his arrest and unsupported by any evidence other than his own conclusory statement, that he had stayed in the apartment where he was arrested for approximately two months prior to his arrest, flies in the face of all his prior statements made at the time of his arrest and prosecution, and the court's denial of his CPL 440.10 motion, without a hearing, was proper.

In any event, there is enough evidence in the record of the *Huntley* hearing to find that, even if defendant's warrantless arrest were illegal because he had an expectation of privacy in the apartment where he was arrested, there was sufficient attenuation between the time of defendant's arrest and his videotaped statement taken by an Assistant District Attorney approximately 7 or 8 hours after his arrest and 5 or 6 hours after he gave the police a written statement, both of which were preceded by *Miranda* warnings. Moreover, defendant was also given something to eat and allowed to rest undisturbed in a holding cell for approximately 5 hours prior to his videotaped statement. Accordingly, a *Payton* motion would have been futile and the absence of such motion caused him no prejudice. Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.